## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PATRICK KELLY**, individually and on behalf of others similarly situated, | Complaint - Class Action |
| Plaintiff, | Jury Trial Demanded |
| vs. | Civil Case No.:  8:25-cv-313 (MAD/PJE) |
| **NORTH COUNTRY HOME SERVICES, INC.**, | |
| Defendant. | |

### COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Patrick Kelly, individually and on behalf of all others similarly situated, by and through his attorneys, Brown, LLC, hereby brings this Collective and Class Action Complaint against Defendant North Country Home Services, Inc. ("NCHS"), and alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

### INTRODUCTION

1.      Plaintiff brings this action for himself and all other similarly situated hourly-paid workers to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq.*

2.      Plaintiff also brings this action for himself and on behalf of all other similarly situated hourly-paid workers to recover unpaid overtime wages, liquidated damages, statutory penalties, pre-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the New York Labor Law, §§ 650 *et seq.* and 190 *et seq.*, 12 NYCRR § 142-1.1 *et seq.*, 12 NYCRR § 142, *et seq.*, and NY CLS Labor § 195 *et seq.* (collectively the "NYLL").

3.    Defendant NCHS provides home care and supportive services to clients.

4.    Defendant employs hourly-paid workers to provide patient care for clients in clients' homes.

5.    Plaintiff and the putative FLSA collective and Rule 23 class members are hourly-paid workers employed by Defendant, who were deprived of proper wages as a result of the following unlawful policies maintained by Defendant:

a.    Failing to pay hourly-paid workers for all hours worked at the end of their scheduled shifts, including hours worked in excess of forty (40) in a workweek;

b.    Excluding certain compensation paid by Defendant to hourly-paid workers (i.e. Weekend differential pay) from its calculation of their overtime rates of pay, which they received when their paid hours exceeded forty (40) in a workweek; and

c.    Failing to pay hourly-paid workers not later than seven (7) calendar days after the end of the week in which wages are earned.

6.    As a result of these policies, Defendant failed to pay hourly workers for all hours worked, including hours worked in excess of forty (40) hours in a week, and failed to pay them time-and-a-half of their regular rate of pay for all hours worked in excess of forty (40) hours in a week, in violation of the FLSA, and the NYLL.

7.    Plaintiff asserts the FLSA claims individually and on behalf of a putative FLSA Collective," defined as:

*All hourly-paid workers employed by Defendant in the United States at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

8.    Plaintiff seeks to send notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid workers of Defendant informing them of their rights to assert FLSA claims in this collective action by filing consent forms.

9.    Plaintiff asserts the NYLL claims individually and on behalf of a putative class

Doc ID: fc3159c93ecd557a4b80f067b5dc8dd16630e785

pursuant to Fed. R. Civ. P. 23, defined as:

> *All hourly-paid workers employed by Defendant in the State of New York at any time from six (6) years prior to the filing of this Complaint through the date of judgment.*

10.    Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

11.    Plaintiff brings his FLSA claims (Count I) on a collective basis pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated hourly-paid workers employed by Defendants at any time within the three years preceding the commencement of this action through the date of judgment (the "FLSA Collective"), and seeks declaratory relief and unpaid overtime pay, liquidated damages, pre-judgment and post-judgment interest, fees and costs, and any other remedies to which he may be entitled.

12.    Plaintiff brings his NYLL claims (Counts II to IV), pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated hourly-paid workers employed by Defendants in New York at any time within the six (6) years preceding the commencement of this action through the date of judgment (the "Rule 23 Class"), and seeks declaratory relief, unpaid overtime wages, liquidated damages, statutory penalties, fees and costs, prejudgment interest, and any other remedies to which he may be entitled.

## JURISDICTION AND VENUE

13.    This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

14.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

Doc ID: fc3159c93ecd557a4b80f067b5dc8dd16630e785

15.    The Court has general personal jurisdiction over Defendant because it is domiciled in New York.

16.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district.

## PARTIES

17.    Defendant North Country Home Services, Inc. is a corporation created and existing under and by virtue of the laws of the State of New York.

18.    Defendant is a domestic corporation with a principal place of business in Franklin County, New York.

19.    Plaintiff Patrick Kelly is an adult who resides in Franklin County, New York.

20.    Kelly has been employed by Defendant since July 2021 as an hourly-paid personal care aide.

21.    Kelly's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 1**.

## FACTUAL ALLEGATIONS[1]

1.    Defendant NCHS provides home care and supportive services to clients.

2.    Defendant maintains an enterprise that has had employees engaged in commerce or in the production of goods for commerce, as defined under the FLSA.

3.    Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

4.    Defendant is an enterprise that has two (2) or more employees engaged in

---

[1] The allegations in this Complaint, unless otherwise specified, refer to the time period of three years prior to the filing of this Complaint through the present.

4

Doc ID: fc3159c93ecd557a4b80f067b5dc8dd16630e785

commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

5.      Defendant was the "employer" of hourly-paid employees within the meaning of the FLSA and NYLL.

6.      Hourly-paid workers are "employees" of Defendant within the meaning of the FLSA and NYLL.

7.      Hourly-paid workers' primary job duty is to provide personal care and health related services to patients.

8.      Hourly-paid workers' job titles include but are not limited to Personal Care Aide (PCA), Home Health Aide (HHA), Registered Nurse (RN), and Certified Nursing Assistant (CNA).

9.      Hourly-paid workers' base compensation consists of an hourly rate of pay.

10.     In addition to their base compensation, Defendant also pays hourly-paid workers through forms of compensation including but not limited to weekend differential pay.

11.     Defendant is contractually obligated to pay each hourly-paid worker for all hours worked.

12.     Defendant requires workers to record their time by completing electronic timesheets.

13.     Defendant pays hourly-paid workers later than seven (7) calendar days after the end of the week in which their wages are earned.

14.     Defendant suffers and permits hourly-paid workers to regularly work more than forty (40) hours per week.

Doc ID: fc3159c93ecd557a4b80f067b5dc8dd16630e785

15.    Defendant requires hourly-paid workers to follow work schedules that typically consist of at least five shifts per week, each consisting of at least eight (8) hours of scheduled work time (exclusive of unpaid meal break periods), with the total scheduled work time equating to at least forty (40) hours in the week.

16.    Defendant suffers and permits hourly-paid workers to perform compensable work at the end of their scheduled shifts while "off-the-clock".

17.    The compensable work hourly-paid workers are suffered and permitted to perform at the end of their scheduled shifts while "off-the-clock" includes traveling to Defendant's office to deliver documents and/or to pick up work supplies including, *inter alia*, gloves and gowns.

18.    As a result, there have been many workweeks in the time period of six years prior to the filing of this Complaint through the present in which Defendant has failed to pay hourly-paid workers for hours worked at the end of their scheduled shifts, including time spent delivering documents to the office and picking up supplies from the office, which has regularly occurred in in excess of forty (40) in a workweek.

19.    Defendant is aware that, or alternatively, recklessly disregarded the principle that "[i]f an employee normally finishes his work … and is required to return to his employer's premises," then "all of the time is working time." *See e.g.* 29 CFR § 785.38.

20.    Defendant knows that hourly-paid workers regularly perform compensable work after their shifts.

21.    Defendant knows that the compensable work hourly-paid workers regularly perform after their shifts is uncompensated as a result of its timekeeping policies.

22.    Defendant fails to pay hourly-paid workers for hours worked in excess of forty (40) in a workweek at a rate of or greater than 1.5 times their regular rate of pay.

Doc ID: fc3159c93ecd557a4b80f067b5dc8dd16630e785

23.     In many weeks Defendant further fails to include additional compensation hourly-paid workers receive in addition to their base hourly wages when determining their regular rates of pay, for purposes of determining the rate to pay them for hours worked in excess of forty (40) in a workweek.

24.     Defendant fails to include shift differential pay (identified on Plaintiff's paystubs as "Weekend") hourly-paid workers receive in addition to their base hourly wages when determining their regular rates of pay, for purposes of determining the rate to pay them for hours worked in excess of forty (40) in a workweek.

25.     Defendant fails to include additional compensation paid to hourly-paid workers (Weekend differential pay) as part of the "total remuneration" it uses to calculate their regular and overtime times, respectively.

26.     The FLSA requires overtime to be paid at least 1.5x an employees' "regular rate," which, subject to some exceptions not relevant here, includes "all remuneration for employment paid to, or on behalf of, the employee'" *See* 29 C.F.R. § 778.108. The NYLL incorporates these requirements. *See* New York Labor Law, §§ 650 et seq. and 190 et seq., 12 NYCRR § 142-1.1 et seq., 12 NYCRR § 142, et seq., and NY CLS Labor § 195 et seq.

27.     Defendant violates these requirements by failing to pay hourly-paid workers for hours worked in excess of forty (40) in a workweek at a rate of or greater than 1.5 times their regular rate of pay.

28.     Defendant is aware of, and/or recklessly disregards the possibility that the rate it pays hourly-paid workers for hours worked in excess of forty (40) in a workweek is less than 1.5 times their regular rate of pay.

29.     Defendant is aware of, and/or recklessly disregards the possibility that the rate it

Doc ID: fc3159c93ecd557a4b80f067b5dc8dd16630e785

pays hourly-paid workers for hours worked in excess of forty (40) in a workweek unlawfully fails to incorporate the additional forms of compensation they receive in addition to their base hourly wages.

30.    Plaintiff informed Defendant that he had spent time traveling to Defendant's office to deliver documents and/or to pick up work supplies after his scheduled shifts while off the clock, but Defendant did not make any attempt to pay him for such time.

31.    Defendant has willfully violated the FLSA, and the NYLL.

32.    Defendant's wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

33.    As a result of its unlawful pay and timekeeping policies, there have been many weeks within the three years preceding this action in which Defendant failed to pay hourly-paid workers for all hours worked, including hours worked in excess of forty (40) hours in a week, and failed to pay them time-and-a-half of their regular rate of pay for all hours worked in excess of forty (40) hours in a week, in violations of the FLSA, and the NYLL.

34.    Defendant was and is required to include additional compensation including Weekend differential pay in each worker's "regular rate of pay," for purposes of calculating the overtime premium compensation. *See* 29 U.S.C. § 778.203 (providing that if "extra compensation … paid for work on Saturdays, Sundays, holidays, or regular days of rest or on the sixth or seventh day of the workweek" is paid at a rate lower than time-and-a-half of the employee's regular rate of pay, "the extra compensation provided by such rate must be included in determining the employee's regular rate of pay and cannot be credited toward statutory overtime

Doc ID: fc3159c93ecd557a4b80f067b5dc8dd16630e785

due...."); § 778.207(b) (providing that "nightshift differentials" must be included in the regular rate regardless of the rate at which they are paid).

35.    For example, in the pay period of November 3, 2024 to November 9, 2024, Defendant paid Plaintiff:

       a.    62.25 hours of Regular pay at a rate of $18.7000 per hour, equating to $1,164.09;
       b.    2.15 hours of Travel Time pay at a rate of $15.0000 per hour, equating to $32.25;
       c.    21.75 hours of Weekend pay at a rate of $3.0000 per hour, equating to $65.25; and
       d.    OTP (overtime premium) pay for 24.4 hours in the amount of $226.64 at a rate of approximately $9.29 per hour.

36.    Plaintiff worked more than forty (40) hours in the pay period of November 3, 2024 to November 9, 2024.

37.    Had Defendant properly included the $65.25 Weekend compensation in Plaintiff's regular rate of pay in the pay period ending November 9, 2024, Defendant would have paid the OTP (overtime premium) at a rate of at least approximately $9.79 per hour.

38.    However, as an example, in the pay period ending November 9, 2024 Defendant did not incorporate the $65.25 compensation into the overtime calculation.

39.    Thus, Defendant failed to compensate Plaintiff for hours worked over forty in a week at a rate of at least time-and-a-half of his regular rate of pay .

40.    Defendant paid Plaintiff on November 21, 2024 for the pay period of November 3, 2024 to November 9, 2024.

41.    Thus, Defendant paid Plaintiff later than seven (7) calendar days after the end of the week in which his wages were earned.

## COLLECTIVE ACTION ALLEGATIONS

42.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

Doc ID: fc3159c93ecd557a4b80f067b5dc8dd16630e785

43.     Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid workers who have been affected by Defendant's common unlawful policies and practices which include failing to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

44.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All hourly-paid workers employed by Defendant in the United States at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

45.     Plaintiff reserves the right to amend this definition as necessary.

46.     As a result of the Defendant's illegal policies, there were many weeks in which Defendant failed to compensate members of the FLSA collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

47.     Plaintiff brings this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

48.     The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

49.     Plaintiff seeks to send notice to the hourly-paid workers of Defendant informing them of their rights to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

50.     Certification of the collective action under the FLSA is appropriate because the

Doc ID: fc3159c93ecd557a4b80f067b5dc8dd16630e785

employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

51.    Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

52.    Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

53.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

54.    Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, on behalf all hourly-paid workers who have been affected by Defendant's common unlawful policies and practices which include failing to pay straight time and overtime compensation, in violation of the NYLL.

55.    Plaintiff brings this Rule 23 class action on behalf of:

*All hourly-paid workers employed by Defendant in the State of New York at any time from six (6) years prior to the filing of this Complaint through the date of judgment.*

56.    Plaintiff reserves the right to amend this definition as necessary.

57.    Plaintiff brings this Rule 23 class action against Defendant to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the NYLL.

58.    The members of the Rule 23 class are so numerous that joinder of all class members

Doc ID: fc3159c93ecd557a4b80f067b5dc8dd16630e785

in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of class members in the State of New York. The Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

59.    There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

60.    Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices.  All of the class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay straight time and overtime wages. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

61.    All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay straight time and overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

62.    Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

63.    Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members.

Doc ID: fc3159c93ecd557a4b80f067b5dc8dd16630e785

Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

64.     Plaintiff and the Rule 23 class members demand a trial by jury.

## COUNT I
### (Individual and 29 U.S.C. § 216(b) Collective Action Claims)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
### Failure to Pay Overtime Wages

65.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

66.     29 U.S.C. § 207(a)(1) provides:

[N]o employer shall employ any of her employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which she is employed.

67.     Plaintiff and the FLSA collective members worked over forty (40) hours a week for Defendant in many workweeks.

68.     As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the FLSA collective members for all hours worked in excess of forty (40) hours in a workweek.

69.     As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the FLSA collective members overtime pay at a rate of 1.5 of their regular rates of pay.

70.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

71.     Because Defendant willfully violated the FLSA, a three (3) year statute of

Doc ID: fc3159c93ecd557a4b80f067b5dc8dd16630e785

limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

72.    As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recover overtime wages for all unpaid hours worked in excess of forty (40) in a workweek, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(Brought on an Individual and Class Basis)**
**VIOLATIONS OF N.Y. COMP. CODES R. & REGS. TIT. 12, § 142-2.2**
**FAILURE TO PAY OVERTIME WAGES**

73.    Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

74.    N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 provides, in relevant part:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as amended….

75.    At all times relevant to this action, Defendant was an employer under N.Y. Lab. Law § 651, subject to the provisions of the NYLL.

76.    At all times relevant to this action, Plaintiff and other Rule 23 Class members were "employees" of Defendant within the meaning of N.Y. Lab. Law § 651.

77.    Plaintiff and other Rule 23 Class members worked many workweeks in excess of 40 hours within the last six (6) years.

78.    Defendant failed to pay Plaintiff and other Rule 23 Class members overtime wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

Doc ID: fc3159c93ecd557a4b80f067b5dc8dd16630e785

79.     At all times relevant to this action, Defendant failed to pay Plaintiff and other Rule 23 Class members for all hours worked in excess of 40 in a workweek.

80.     Defendant's management knew or should have known that the Plaintiff and other members of the Rule 23 Class were working hours in excess of 40 hours per week, without overtime compensation of one-and-one-half (1.5) times their regular rate of pay for hours worked in excess of 40 per week.

81.     N.Y. Lab. Law § 663 provides that as a remedy for a violation of the NYLL, an employee is entitled to his unpaid overtime wages, plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

### COUNT III
### (Brought on an Individual and Class Basis)
### <u>VIOLATION OF N.Y. LAB. LAW § 191</u>
### <u>FAILURE TO PAY EARNED WAGES</u>

82.     Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

83.     The timely payment of wages provisions, NYLL § 191, and supporting regulations, apply to Defendant, Plaintiff, and the Rule 23 Class members.

84.     Plaintiff and the Rule 23 Class members were "manual workers" as laborers and/or workingmen, as defined by NYLL § 190(4).

85.     Defendant failed to pay Plaintiff and other Rule 23 Class members earned wages as a result of suffering and permitting Plaintiff and other Rule 23 Class members to perform compensable work at the end of their scheduled shifts while "off-the-clock".

86.     Defendant's failure to compensate Plaintiff and other Rule 23 Class members on a timely basis in accordance with the NYLL was willful.

87.     N.Y. Lab. Law § 198 provides that as a remedy for a violation of the NYLL, an

Doc ID: fc3159c93ecd557a4b80f067b5dc8dd16630e785

employee is entitled to recover from Defendant the amount of his untimely paid wages as liquidated damages, reasonable attorneys' fees, and pre-judgment and post-judgment interest.

**COUNT IV**
**(Brought on an Individual and Class Basis)**
**VIOLATION OF N.Y. LAB. LAW § 191**
**FAILURE TO TIMELY PAY WAGES**

88.     Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

89.     The timely payment of wages provisions, NYLL § 191, and supporting regulations, apply to Defendant, Plaintiff, and the Rule 23 Class members.

90.     Plaintiff and the Rule 23 Class members were "manual workers" as laborers and/or workingmen, as defined by NYLL § 190(4).

91.      Defendant failed to pay Plaintiff and other Rule 23 Class members not later than seven (7) calendar days after the end of the week in which wages are earned as required by NYLL § 191(1)(a).

92.     Defendant's failure to compensate Plaintiff and other Rule 23 Class members on a timely basis in accordance with the NYLL was willful.

93.     N.Y. Lab. Law § 198 provides that as a remedy for a violation of the NYLL, an employee is entitled to recover from Defendant the amount of his untimely paid wages as liquidated damages, reasonable attorneys' fees, and pre-judgment and post-judgment interest.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A)     A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the FLSA;

16

Doc ID: fc3159c93ecd557a4b80f067b5dc8dd16630e785

(B)    A declaratory judgment that Defendant's wage practices alleged herein violate the NYLL;

(C)    An Order for injunctive relief ordering Defendant to comply with the FLSA, the NYLL, and end all of the illegal wage practices alleged herein;

(D)    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E)    Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the NYLL claims set forth herein;

(F)    Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G)    Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H)    Designating Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I)    Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J)    Judgment for damages for all unpaid overtime wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA;

(K)    Judgment for damages for all unpaid wages, liquidated damages and pre- and post-

Doc ID: fc3159c93ecd557a4b80f067b5dc8dd16630e785

judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the NYLL;

      (L)    An incentive award for the Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

      (M)    Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA, and the NYLL;

      (N)    Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

      (O)    Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

                        Respectfully Submitted,


Dated: March 6, 2025           **BROWN, LLC**

           By:   /s/ Eric Sands
                Eric Sands
                BROWN, LLC
                111 Town Square Place, Suite 400
                Jersey City, NJ 07310
                T: (877) 561-0000
                F: (855) 582-5279
                eric.sands@jtblawgroup.com

                *Counsel for Plaintiff*

Doc ID: fc3159c93ecd557a4b80f067b5dc8dd16630e785

**Patrick Kelly v North Country Home Services Inc.**

**<u>CONSENT TO SUE</u>**

       I hereby consent to be a Plaintiff in the Fair Labor Standards Act case captioned above. I hereby consent to the bringing of any claims I may have under the Fair Labor Standards Act (for unpaid minimum wages, overtime, liquidated damages, attorney's fees, costs and other relief) and applicable state wage and hour law against the Defendant(s). I further consent to bringing these claims on a collective and/or class basis with other current/former employees of Defendant(s), to be represented by Brown, LLC and to be bound by any settlement of this action or adjudication by the Court.

**Signed:** _____    **Dated:** ____ 03 / 06 / 2025 ____

**Name:**    PATRICK KELLY _____

## <u>VERIFICATION OF COMPLAINT</u>

I, <u>PATRICK KELLY</u>, hereby confirm:

• I have reviewed the complaint against sent to me by Brown, LLC on March 6, 25

*PK*
_____
*initials*

• All allegations in the complaint are true and accurate to the best of my knowledge.

*PK*
_____
*initials*

• I give Brown, LLC my permission to file the electronically file the complaint in federal court and serve it on the Defendant(s)

*PK*
_____
*initials*

**Signed:** _____   **Dated:** 03 / 06 / 2025

**Dropbox** Sign                                                    Audit trail

| | |
|---|---|
| **Title** | Hello |
| **File name** | Patrick_Kelly_v_N...th_Consent_to.pdf |
| **Document ID** | fc3159c93ecd557a4b80f067b5dc8dd16630e785 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

This document was requested on jtblawgroup2.cliogrow.com and signed on jtblawgroup2.cliogrow.com

## Document History

SENT
**03 / 06 / 2025**
19:09:49 UTC

Sent for signature to Patrick Kelly (p-kell@live.com) from jake@jtblawgroup.com
IP: 73.10.213.246

VIEWED
**03 / 06 / 2025**
20:01:11 UTC

Viewed by Patrick Kelly (p-kell@live.com)
IP: 172.59.177.136

SIGNED
**03 / 06 / 2025**
22:06:57 UTC

Signed by Patrick Kelly (p-kell@live.com)
IP: 209.23.94.95

COMPLETED
**03 / 06 / 2025**
22:06:57 UTC

The document has been completed.

Powered by **Dropbox** Sign